**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPEEDY GONZALEZ LANDSCAPING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 12 C 4728 |
| HANOVER SPECIALTIES, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Speedy Gonzalez Landscaping, Inc. (SGL) has sued Hanover Specialties, Inc. (Hanover) for breach of contract, seeking damages in the amount of $108,841.15. Hanover has moved to dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Hanover argues that SGL's claim is barred by the doctrine of *res judicata*, or claim preclusion. For the reasons stated below, the Court denies Hanover's motion.

**Background**

SGL alleges that it was hired by the Chicago Park District to construct playground facilities in 2006-2007. SGL subcontracted with Hanover to install soft tiles in the playground facilities. Approximately six months after the work was completed in 2008, the Park District notified SGL that the tiles were defective and had not been installed properly. SGL says that it advised Hanover about these complaints and the need to replace the tiles and correct the deficient installation.

Between April and August of 2009, SGL alleges, Hanover made repairs at various playground facilities. SGL alleges that although Hanover performed these repairs, it "failed to fulfill its contractual obligations in a good and workmanlike manner." Compl. ¶ 10. As a result, SGL says that it was forced to "incur[ ] additional costs, inter alia, the purchase of replacement tiles, the cost of and labor for new sealant and caulk, the cost for temporary fencing at each of the park facilities which needed repairs, and security for reinstallation." *Id.* SGL contends that it incurred damages in the amount of $108,841.15 and is suing Hanover for breach of contract to recover this amount.

Hanover's motion to dismiss is based on the proceedings in and outcome of a state court action that it filed against SGL in April 2011. In that case, Hanover alleged that SGL breached the parties' contract by failing to pay $62,123.51 for delivery of tiles. In its answer in that case, SGL admitted that it ordered and received the tiles but denied that it owed Hanover the amount claimed on the ground that the tiles were defective and SGL was damaged as a result.

Hanover ultimately moved for summary judgment in the state court case. Its motion was based on part on procedural developments in the case that, according to Hanover, precluded SGL from offering evidence to support its defense. Hanover contended that it was entitled to judgment for the amount due for delivery of the tiles.

In response, SGL again argued that the tiles that Hanover had provided were defective. It contended that its cost to remove and replace the tiles "equaled or exceeded the amount which [Hanover] claims it is entitled to recover from [SGL]." Def.'s Mem. in Support of Mot. to Dismiss, Ex. D. SGL submitted an affidavit from its owner Jose Gonzalez in support of this contention. Gonzalez stated in his affidavit that

2

after the Chicago Park District notified SGL of problems with the tiles, SGL "was required to remove all of the defective tiles" and replace them. Gonzalez further stated that although Hanover replaced the tiles, SGL "spent considerable time, labor and expense in supervising the reinstallation of tiles in ten (10) playgrounds, provided on-site security and furnished various materials including specialized calk [sic] to comply with the Chicago Park District specifications in accordance with the written warranty provided by Hanover." *Id.*

The state court granted summary judgment in favor of Hanover. The court did not issue a written decision, and Hanover has not offered a transcript of any oral ruling. The state court judge entered a form order presented by Hanover's counsel that included a handwritten statement that "[t]he court finds no material issue of fact or law, having considered the pleadings and Defendant's affidavit in response to [the] motion." *Id.*, Ex. B. The Court awarded Hanover $54,375. *Id.*

**Discussion**

Hanover has moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that SGL's claim is barred due to the doctrines of *res judicata*, otherwise known as claim preclusion, and collateral estoppel, otherwise known as issue preclusion. These defenses, however, do not implicate the Court's subject matter jurisdiction; rather, they are ordinary affirmative defenses. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Thus there is no basis for a jurisdictional dismissal.

That does not mean, however, that the Court must deny Hanover's motion out of hand. Rather, the Court may consider the motion pursuant to Rule 12(b)(6), because

that has no adverse procedural impact on SGL. And even though claim preclusion is an affirmative defense, a court may consider it on a Rule 12(b)(6) motion if the facts relevant to the defense are ascertainable from the complaint or "judicially noticeable records from the state-court case." *Ennenga v. Starns*, 677 F.3d 766, 776 n.6 (7th Cir. 2012). *See also, e.g., General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (court may take judicial notice of matters of public record on a motion to dismiss under Rule 12(b)(6)).

The preclusive effect of an Illinois judgment is determined by Illinois law. *See, e.g., In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1000 (7th Cir. 2007). In Illinois, in order for claim preclusion to apply, there must have been a final judgment on the merits rendered by a court of competent jurisdiction, regarding the same cause of action, involving the same parties as those in the second suit or their privies. See <u>River Park, Inc. v. City of Highland Park</u>, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (1998). If these requirements are met, the judgment "acts as a bar to a subsequent suit between the parties involving the same cause of action," a bar that "extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *Id.* [1]

In this case, it is undisputed that the same parties were the litigants in the state court case. The disputed issue involves whether there was a final judgment on the same cause of action that SGL asserts in the present case.

SGL argues that Hanover's state court claim involved the amount due for the tiles

---

[1] Issue preclusion is not implicated here, because the state court record does not disclose what factual or legal issues were actually and necessarily litigated on the merits. In particular, the Court cannot determine based on the present record whether any issue underlying SGL's claim in this case was decided on the merits in the state court case.

4

that it had supplied in 2007-2008. SGL says that its claim in the present case, by contrast, involves "unworkmanlike work performed by Hanover which occurred in 2009; work which was not encompassed in the invoices for goods and services which comprised the state court complaint." Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss at 3. SGL says that in the present case, it "seeks damages for the work performed by Hanover, allegedly improperly, in installing the replacement tiles in the Park District playgrounds." *Id.*

In response, Hanover says that SGL is "truly splitting hairs." Pl.'s Reply at 1. It says that SGL raised as a defense in the state court case the same allegations that form the basis for its affirmative claim in the present case.

Comparison of SGL's allegations in the present case with its defense in the state court case, in particular the affidavit offered by Gonzalez in that case, reveals that SGL's claim in the present case involves at least some of the underlying facts that it cited to support its defense in the state court case. What is less clear is whether the state court decided that defense on its merits. As indicated earlier, the state court did not issue a written opinion, and Hanover has not offered a transcript of whatever oral ruling the state court made. All that exists is the one-sentence statement inserted by handwriting on the form order presented by Hanover's counsel. That statement was certainly clear enough to dispose of the state court case, but it is not clear enough for present purposes. For all one can determine, the state court ruled not that SGL's contentions lacked merit or lacked evidentiary support, but rather that they were not germane or that, even if true, they did not give rise to a viable defense to the simple goods-sold-and-delivered claim that Hanover asserted in state court.

SGL did not file a counterclaim in the state court case, but Illinois does not have a compulsory counterclaim rule. See 735 ILCS 5/2-608(a) (stating that a party "may" assert a counterclaim); *Kirk v. Bd. of Ed. of Bremen Cmty. High Sch. Dist. No. 228*, 811 F.2d 347, 355 n.11 (7th Cir. 1987). As a result, a party's failure to assert in Illinois state court a counterclaim that it could have asserted on a permissive basis does not preclude it from asserting the claim in a separate suit. *Id.* at 355.

Given the standard that governs a motion to dismiss for failure to state a claim, Hanover's claim preclusion defense falls short as a basis for dismissal. It is conceivable that with further factual development, Hanover may be able to persuade the Court that SGL's cause of action was adjudicated on the merits in state court. If so, Hanover may have a viable basis for summary judgment. Its arguments, however, do not entitle it to dismissal for failure to state a claim.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [dkt. no.9]. Defendant is directed to answer the complaint by no later than January 7, 2013. At the status hearing set for December 18, 2012, counsel should be prepared to set a discovery schedule.

                                                                          _____
                                                                          MATTHEW F. KENNELLY
                                                                          United States District Judge

Date:  December 17, 2012

6